Halsband & Ginsberg, LLP
39 Hudson Street, 4th Floor
Hackensack, NJ 07601
(201) 487-6249
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
MARCO GONZALES,

               Plaintiff,

-against-

PARSONS INSPECTION &
MAINTENANCE CORPORATION,

               Defendant.
-------------------------------------------------------X

**COMPLAINT
DEMAND FOR JURY
TRIAL**

CIVIL ACTION NO. 05-2358 (GEB)

Plaintiff, Marco Gonzales, residing at 1001 Unicorn Way, Clifton, New Jersey 07011, by his counsel, Halsband & Ginsberg, LLP, alleges for his Complaint as follows:

### JURY DEMAND

1. Plaintiff, Marco Gonzales, demands a trial by jury of all issues in this action.

### NATURE OF ACTION

2. Plaintiff seeks to recover damages against Defendant Parsons Inspection & Maintenance Corporation ("Defendant") for unlawful retaliation because Plaintiff opposed an unlawful employment practice prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq. (hereinafter, "Title VII"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. (hereinafter, "NJLAD"), in violation of Title VII and the NJLAD.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's claims in this action pursuant to 28 U.S.C. § 1331, Title VII, and under the principles of pendent jurisdiction.

4. This action was timely commenced within 90 days of receipt of the Notice of Right to Sue dated February 17, 2005 from the United States Equal Employment Opportunity Commission (hereinafter, "EEOC").

5. The Defendant is found, transacts business, has agents, and is within the jurisdiction of this Court.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff is an adult male and currently resides at 1001 Unicorn Way, Clifton, New Jersey 07011.

8. Defendant maintains its principal place of business at 3100 Princeton Pike, Building 2, Lawrenceville, New Jersey 08648.

9. Upon information and belief, Defendant is, and all times mentioned hereinafter was, authorized to do business in the State of New Jersey.

10. Defendant employed Plaintiff, and Defendant is an "employer" under Title VII in that Defendant is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

11. Defendant is also an employer under the provisions of the NJLAD.

## FACTS

12. Defendant employed the Plaintiff as an Equipment Technician at its facility located in Westfield, New Jersey. Upon information and belief, Defendant's corporate office is located in Lawrenceville, New Jersey.

13. Plaintiff began working for Defendant in April 2003. His job duties included traveling to New Jersey Division of Motor Vehicle stations in Westfield, Edison and South Brunswick, New Jersey to perform maintenance on their automobile inspection equipment.

14. At all times herein, the Plaintiff performed his job duties competently and satisfactorily.

15. On or about July 20, 2004, five employees of the Defendant, each of whom are Lane Technicians, and are black, African-Americans, were in the lunchroom at the Westfield, NJ inspection station. Karen Lotito, a Caucasian female, who is also a Lane Technician for Defendant and the daughter of Sam Lotito, Defendant's Human Resource Manager, was present in the lunchroom. Ms. Lotito began arguing with the five black, African-Americans and ultimately she called them "fucking niggers."

16. Plaintiff's co-worker, Jorge Rosales, was present at the lunchroom and told the Plaintiff about this incident.

17. Later that day, while the Plaintiff was in the office doing paperwork, Mr. Rosales reported the incident to Debbie C. (last name unknown), Defendant's Manager.

18. Debbie spoke to the five individuals and confirmed that the racial slur was made towards them. Upon information and belief, Debbie gave each individual an

"Individual Statement Report" to complete, which documented the racial slur made by Ms. Lotito.

19. That afternoon, Debbie told the Plaintiff that she cannot tolerate Ms. Lotito's behavior and that she would terminate Ms. Lotito. Plaintiff opposed Ms. Lotito's racially discriminatory comments and racially discriminatory treatment of the five black, African-American Lane Technicians. He stated to Debbie that he agreed with her that what Ms. Lotito said was wrong and that Ms. Lotito should be terminated.

20. Defendant did not terminate Ms. Lotito's employment. Rather, Ms. Lotito was transferred to the Rahway, New Jersey inspection station.

21. Plaintiff reasonably and in good faith believed that the racial slur made by Ms. Lotito and Defendant's tolerance of same was in violation of various laws.

22. Approximately one week later, the Plaintiff opposed Ms. Lotito's discrimination and Defendant's tolerance of same. Plaintiff stated to Jane Fox, Defendant's Deputy Manager, that Ms. Lotito engaged in unlawful racial discrimination and that she should have been fired by Defendant. Ms. Fox stated to Plaintiff that she agreed with him, but stated that because Ms. Lotito was the daughter of Defendant's Human Resources Manager, appropriate remedial action was not taken. Ms. Fox further told the Plaintiff that Ms. Lotito was not warned or given any reprimands for this incident. Ms. Fox also told the Plaintiff that Sam Lotito told his daughter that she did not have to apologize for her racial slur.

23. Shortly after the Plaintiff engaged in this protected activity, Defendant began retaliating against him. Defendant issued the Plaintiff a written warning for allegedly violating company policy, which was false.

24. Within a few weeks, on August 18, 2004, Defendant unlawfully terminated the Plaintiff. The termination was in obvious retaliation against him because of his opposition to said discrimination.

25. As a consequence of the foregoing, Defendant and its agents unlawfully terminated Plaintiff in retaliation because he opposed Defendant's discrimination.

26. As a result of the foregoing, Defendants and their agents caused the Plaintiff lost pay and benefits, humiliation, embarrassment and mental anguish.

### AS AND FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS FOR RETALIATION UNDER TITLE VII

27. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

28. By and through their course of conduct as alleged above, Defendant and its agents willfully violated 42 U.S.C. § 2000e et seq. by retaliating against the Plaintiff because he engaged in a protected activity by opposing an unlawful employment practice prohibited by Title VII.

29. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR RETALIATION UNDER THE NJLAD

30. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

31. By and through their course of conduct as alleged above, Defendants and their agents willfully violated the NJLAD by retaliating against the Plaintiff because he engaged in a protected activity by opposing an unlawful employment practice prohibited by the NJLAD.

32. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that this Court:

(a) accepts jurisdiction over this matter;

(b) impanels and charges a jury with respect to the claims for relief; and

(c) awards the following damages against Defendant:

    i. Back pay, front pay, and all benefits along with pre and post judgment interest in amounts to determined at trial;

    ii. Punitive, liquidated and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injuries and emotional distress in order to compensate him for the injuries he has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments in amounts to be determined at trial,

    iii. Attorney's fees, costs and expenses as provided for by the applicable statutes;

    iv. Require Defendant to offer and, if accepted by Plaintiff, to reinstate him to the same position from which it discriminatorily terminated him; and,

    v. Any other relief which this Court deems just and equitable.

Dated: Hackensack, New Jersey
April 29, 2005

Respectfully submitted,

**HALSBAND & GINSBERG, LLP**
By:  s/Jyoti Mistry Halsband
Jyoti Mistry Halsband (JH-9171)
Attorneys for Plaintiff Marco Gonzales
39 Hudson Street, 4th Floor
Hackensack, New Jersey 07601
(201) 487-6249

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that to the best of my information, knowledge and belief that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration proceeding or administrative proceeding.

**HALSBAND & GINSBERG, LLP**

By: s/Jyoti Mistry Halsband
Jyoti Mistry Halsband (JH-9171)
Attorneys for Plaintiff Marco Gonzales